Rockingham
No. 2011-236

HARBORSIDE ASSOCIATES, L.P.

v.

CITY OF PORTSMOUTH

Argued: February 15, 2012
Opinion Issued: March 23, 2012

*Springer Law Office, PLLC*, of Portsmouth (*Jonathan S. Springer* on the brief and orally), for the petitioner, Harborside Associates, L.P.

*Robert P. Sullivan* and *Susan W. Chamberlin*, of Portsmouth, on the brief, and *Mr. Sullivan* orally, for the respondent, City of Portsmouth.

*Shaines & McEachern, P.A.*, of Portsmouth (*Alec L. McEachern* on the brief and orally), for the intervener, Parade Residence Hotel, LLC.

LYNN, J. The intervener, Parade Residence Hotel, LLC (Parade), appeals the order of the Superior Court (Lewis, J.) vacating and remanding the decision of the Zoning Board of Adjustment (ZBA) of the City of Portsmouth (City) that upheld the City Planning Board's (Board) approval of Parade's application to amend its previously approved site plan. We affirm.

I

The record reflects the following relevant facts. Parade's property abuts the property of the plaintiff, Harborside Associates, L.P. (Harborside), the

operator of the Sheraton Portsmouth Hotel. On September 18, 2008, the Board approved Parade's application to construct a five-story building, consisting of a hotel, a restaurant, and ground floor retail space. Parade began construction in July of 2009.

On December 21, 2009, the City adopted a new zoning ordinance (the 2010 Ordinance), which became effective on January 1, 2010. Among other changes, the new ordinance adopted parking requirements different from those in effect in 2008 when the Parade project was first approved. On January 19, 2010, Parade submitted an application to the Board to amend its 2008 site plan, seeking to replace the previously approved retail space with a 300-person conference center. Harborside objected to the amendment, contending that Parade was required to comply with the 2010 Ordinance because of the change in plans. After a public hearing, the Board approved the application to amend without requiring Parade to comply with the new ordinance. Harborside appealed to the ZBA, which affirmed the Board's ruling. The ZBA determined that the amended site plan was exempt from the 2010 Ordinance under RSA 674:39 (2008). The ZBA subsequently denied Harborside's motion for rehearing.

Harborside appealed to the superior court pursuant to RSA 677:4 (2008). The superior court vacated the ZBA's decision, holding that by seeking to replace the previously approved retail space with a conference center, Parade presented a "major change" to its previously approved site plan, which did not qualify for the exemption under RSA 674:39. Parade appeals.

## II

Our review of the superior court's decision is deferential. *Derry Senior Dev. v. Town of Derry*, 157 N.H. 441, 447 (2008). We will uphold the decision unless it is unsupported by the evidence or legally erroneous. *Id.* At the same time, the superior court must treat the factual findings of the planning board as *prima facie* lawful and reasonable, and cannot set aside its decision absent unreasonableness or an identified error of law. *Id.*; *see also* RSA 677:6 (2008). The construction of a zoning ordinance's terms, however, is a question of law, which we review *de novo. Sutton v. Town of Gilford*, 160 N.H. 43, 57 (2010).

Parade first argues that RSA 674:39 exempts its amended site plan from the 2010 Zoning Ordinance. When Parade submitted its application to amend, RSA 674:39 provided, in pertinent part:

> I. Every subdivision plat approved by the planning board and properly recorded in the registry of deeds and every site plan approved by the planning board and properly recorded in the

registry of deeds . . . shall be exempt from all subsequent changes in . . . zoning ordinances . . . for a period of 4 years after the date of approval; provided that:

> (a) Active and substantial development or building has begun on the site . . . in accordance with the approved subdivision plat within 12 months after the date of approval, or in accordance with the terms of the approval . . . .

RSA 674:39 (2008) (amended 2011).[1]

Parade argues that because RSA 674:39 does not address whether an amendment to a site plan exempt under the statute is also exempt, the statute is on this point ambiguous. To resolve the ambiguity, Parade urges us to apply the doctrine of administrative gloss, and adopt the Board's policy of applying the RSA 674:39 exemption to amended site plans as long as the project is still under active construction and has not received a certificate of occupancy.

█ As a rule of statutory construction, "[a]n 'administrative gloss' is placed upon an ambiguous clause when those responsible for its implementation interpret the clause in a consistent manner and apply it to similarly situated applicants over a period of years without legislative interference." *DHB, Inc. v. Town of Pembroke*, 152 N.H. 314, 321 (2005). A lack of ambiguity in a statute or ordinance, however, precludes application of the administrative gloss doctrine. *Anderson v. Motorsports Holdings, LLC*, 155 N.H. 491, 502 (2007).

█ While it does not directly address whether a site plan amendment is exempt from subsequently enacted zoning ordinances, RSA 674:39 does provide that any development or building on the site must occur "in accordance with the approved subdivision plat . . . or in accordance with the terms of the approval." RSA 674:39, I(a). Any development pursuant to a site plan amendment that substantially changes the plan is, by definition, not "in accordance with the terms" of the original approval and, therefore, clearly does not fall within the protection of the exemption. In short, seeing no ambiguity in RSA 674:39, we decline to apply the administrative gloss doctrine.

Next, Parade argues that the record does not support the superior court's conclusion that its amended site plan did not qualify for the RSA

---

[1] The statute, amended in 2011, now provides a five-year exemption to approved site plans from subsequent changes to zoning ordinances, provided that substantial development or building has begun within 24 months after the date of a site plan's approval.

674:39 exemption because it constituted a "major change." Parade and the City argue that because Parade's proposed amendment affects only a small physical area of the overall site plan, the superior court erred by·concluding that it was a "major" change. We disagree.

■ While we recognize that the terms of a site plan approval cannot sensibly be treated as absolute, as this would deprive developers of any flexibility to make even incidental changes, RSA 674:39 exempts from subsequent changes to zoning ordinances only amendments to approved site plans that do not alter the development to such an extent that it is no longer in accordance with the terms of the original approval. Therefore, we hold that an amendment can no longer be said to be "in accordance" with the terms of a previously-approved site plan if it substantially changes that plan. *Cf. Dovaro 12 Atlantic, LLC v. Town of Hampton*, 158 N.H. 222, 228 (2009) (holding that zoning ordinances prohibiting nonconforming uses "will apply to any alteration of a building or use for a purpose or in a manner which is substantially different from the use to which it was put before alteration" (citations and quotations omitted)). Whether an amendment constitutes a substantial change from the terms of the site plan's original approval necessarily turns upon the facts and circumstances of the particular case.

■■ In this case, we have no occasion to identify the precise degree of change to a site plan that is substantial enough to require compliance with new zoning ordinances passed after construction has begun; wherever that line may lie, Parade's proposed amendment crossed it. Where, as here, an amendment to an approved site plan seeks to replace a previously approved use with a new, previously unapproved use, the resulting change is substantial, and inconsistent with the terms of the original approval. *Cf. Chasse v. Town of Candia*, 132 N.H. 574, 579 (1989) (holding that RSA 674:39 provides no exemption to a site plan that was "neither approved nor recorded"). Parade's original approved site plan, which was for a hotel, a restaurant, and retail space, did not include the construction of a conference center. A conference center, which is designed to host large meetings, seminars, and other events, is qualitatively different from retail space, which is designed to provide a commercial environment where customers may purchase goods and services. This difference is reflected in the Table of Uses, Section 10.440 of the 2010 Ordinance, where conference centers, retail space, hotels, and restaurants have different designated uses. With this substantial change to its previously-approved site plan, we agree with the superior court that Parade's amended site plan is not entitled to the exemption under RSA 674:39.

Parade next argues that even if its amendment is not entitled to the RSA 674:39 exemption, the 2010 Ordinance, by its terms, does not apply to Parade's amended site plan. Parade directs our attention to Article 11, Section 10.1115.61 of the ordinance, which states: "The requirements [pertaining to off-street parking in the district where the project is located] shall not apply to any existing uses on a lot, but shall apply to any change or expansion of existing uses that results in an increase in the number of off-street parking spaces required for the lot . . . ." According to Parade, because it has not yet received a certificate of occupancy for its site, the site has no "existing" uses and thus the 2010 Ordinance does not apply to Parade's proposed amendment of such uses. We disagree.

In the "Definitions" section, Article 15 of the 2010 Ordinance, the term "use" is defined as "Any purpose for which a lot . . . may be designated, arranged, [or] intended . . . ." Such a "designated, arranged, intended" purpose "exists" for Parade's site plan as of the date it obtained the approval in 2008, not as of the date it receives a certificate of occupancy. Indeed, if one accepts Parade's argument that the original approval did not constitute an "existing use," there would be no basis whatsoever for exempting any aspect of the project (even those portions that were not to be changed) from the requirements of the 2010 Ordinance. *See Sutton*, 160 N.H. at 57 ("[T]he words used in a zoning ordinance will be given their ordinary meaning unless it appears from their context that a different meaning was intended." (citations and quotations omitted)).

Finally, the City argues that the superior court "failed to show deference to the ZBA's finding that [Parade's] amendment could reasonably be reviewed under the ordinance in effect when the site plan application was approved." The ZBA's decision, however, did not involve factual findings; the facts regarding the change of use sought by Parade are not in dispute. Instead, what is at issue is the ZBA's *legal conclusion* that, based upon the undisputed facts concerning the change of use proposed, the amended site plan did not have to meet the requirements of the 2010 Ordinance. Nor can the doctrine of administrative gloss be stretched so far as to cover this case, since the ZBA's decision flatly contradicts the unambiguous terms of a newly-enacted ordinance concerning its applicability to the substantial change in use reflected in the site plan amendment submitted after the ordinance took effect. *See Anderson*, 155 N.H. at 502; *cf. Appeal of Stanton*, 147 N.H. 724, 728 (2002) ("[A]n agency's interpretation will not be given deference if it is contrary to the express statutory language."). The superior court, therefore, did not err by overturning the

ZBA's erroneous legal ruling. *See* RSA 677:6 (2008) (superior court may set aside ZBA decision for errors of law).

*Affirmed.*

DALIANIS, C.J., and HICKS and CONBOY, JJ., concurred.